UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br>vs.<br><br>SKY THOMAS ROUBIDEAUX,<br><br>  Defendant. | 4:22-CR-40033-LLP<br><br>ORDER DENYING MOTION TO EXCLUDE EXPERT TESTIMONY |

Pending before the Court is the Government's Motion to Exclude Expert Testimony Regarding False Confessions. (Doc. 50). For the following reasons, the motion is denied.

I. **Background**

The trial in this case was originally scheduled to begin on October 25, 2022. (Doc. 27). On October 11, 2022, Defendant Sky Thomas Roubideaux filed a notice designating I. Bruce Frumkin as an expert witness on false confessions and requesting a *Daubert* hearing to be held the morning of October 27, 2022, prior to Dr. Frumkin's anticipated testimony. (Doc. 31). By order of the Court, the jury trial was subsequently rescheduled to begin on November 29, 2022. (Doc. 40).

On November 7, 2022, the Court issued a Pretrial Conference Order. (Doc. 49). Therein, it set a pretrial conference for Monday, November 28, 2022, and ordered, among other things, that Defendant file a list of all other cases in which, during the previous 4 years, Dr. Frumkin has testified as an expert at trial or by deposition. (Doc. 49). That same day, the Government filed a motion to exclude the testimony of Dr. Frumkin on the basis that Defendant's notice of expert witness fails to comply with Rule 16 of the Federal Rules of Criminal Procedure and on the basis that his proposed testimony does not comply with the requirements of Rule 702 of the Federal Rules of Evidence and the standards articulated by the Supreme Court in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). The Government's motion is presently pending before the Court.

On November 8, 2022, Defendant filed a supplement to its Notice of Expert Witness, (Doc. 51), and an Unopposed Motion for Continuance, (Doc. 52). In the Motion for Continuance,

1

Defendant asserts that his expert, Dr. Frumkin, is not available for trial on November 29, 2022, that he is scheduled to testify in a trial in Winnipeg, Canada that week, and asks that the jury trial be set to the week of January 30, 2023. (Doc. 52). On November 14, 2022, Defendant filed a list of cases in which, during the previous 4 years, Dr. Frumkin has testified as an expert at trial or by deposition. (Doc. 53).

On November 14, 2022, the Court held a telephonic conference with the parties in which the Court indicated that Dr. Frumkin will be permitted to testify for the reasons set forth in this Order. A new trial date was set for Tuesday, December 13, 2022.

## II.  Analysis

Pending before the Court is the Government's motion to exclude testimony of Dr. Frumkin regarding false confessions. (Doc. 50). Therein, the Government moves to exclude the testimony of Dr. Frumkin on the basis that Defendant's Notice of Expert Witness fails to comply with Rule 16 and on the basis that his proposed testimony fails to comply with Rule 702 of the Federal Rules of Evidence and the standards set forth by the Supreme Court in *Daubert*.

### A.  Rule 16 of the Federal Rules of Civil Procedure

Defendant's notice of expert testimony (Doc. 31) and his supplemental notices (Docs. 51, 53) were filed in October and November 2022. At the outset, the Court notes that neither party in this case suggests that the December 1, 2022, Rule 16 requirements apply to these notices given that the trial date has been rescheduled to begin on December 13, 2022. The Court will therefore apply the Rule 16 requirements that are in effect until December 1, 2022.

> Rule 16(b)(1)(C) of the Federal Rules of Criminal Procedure provides that:
>
> C) Expert witnesses.—The defendant must, at the government's request, give to the government a written summary of any testimony that the defendant intends to use under Rule 702, 703, or 705 of the Federal Rules of Evidence as evidence at trial, if—
>
> (i) the defendant requests disclosure under subdivision (a)(1)(G) and the government complies; or
>
> (ii) the defendant has given notice under Rule 12.2(b) of an intent to present expert testimony on the defendant's mental condition.
>
> This summary must describe the witness's opinions, the bases and reasons for these opinions, and the witness's qualifications.

Fed. R. Crim. P. 16(b)(1)(C). In its motion to exclude expert testimony, the Government argues the Defendant's expert notice fails to state Dr. Frumkin's opinions. (Doc. 50). In particular, the Government argues that Defendant's notice is inadequate because it fails to provide Dr. Frumkin's opinion as to why false confessions occur, what police behaviors and other factors may promote false confessions, and what kinds of suspects may be particularly susceptible to making a false confession, nor does it provide Dr. Frumkin's opinion as to what psychological characteristics of the Defendant make him particularly susceptible to falsely confessing. (Doc. 50).

Although Defendant provided notice of expert testimony, it does not appear that Defendant was required to do so under the Rule 16. There is nothing in the record indicating that Defendant had requested a disclosure under subdivision (a)(1)(G) of a written summary of any testimony that the Government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial. Neither has defense counsel given notice under Rule 12.2(b) of the Federal Rules of Criminal Procedure[1] of an intent to present expert testimony on Defendant's mental condition.

Regardless, the Court finds that Defendant's supplemental notices of expert testimony (Docs. 51, 53) adequately state Dr. Frumkin's opinions and the bases and reasons for his opinions. In his Supplemental Notice of Intent to Use Expert Testimony, Defendant provides that Dr. Frumkin intends to testify: 1) that there is such a thing as false confessions; 2) how and why false confessions may occur; 3) that the results of specific psychological tests (WAIS-IV, GSS, 16 PF, MMPI-3) administered to Defendant indicate that he has certain psychological characteristics that place him at greater risk of falsely confessing as compared to others; 4) how certain interrogation

---

[1] Fed. R. Crim. P. 12.2(b) requires that:

> If a defendant intends to introduce expert evidence relating to a mental disease or defect or any other mental condition of the defendant bearing on either (1) the issue of guilt or (2) the issue of punishment in a capital case, the defendant must—within the time provided for filing a pretrial motion or at any later time the court sets—notify an attorney for the government in writing of this intention and file a copy of the notice with the clerk.

Fed. R. Crim. P. 12.2(b). The advisory committee notes to Rule 12.2 provide that the rule is designed to require a defendant to give notice prior to trial of his intention to introduce expert testimony of mental disease or defect on the theory that such mental condition is inconsistent with the mental state required for the offense charged. Here, defense counsel is seeking to introduce expert testimony by Dr. Frumkin not to show that Roubideaux had a mental condition inconsistent with the mental state required for the offense charged, but rather to show that he was susceptible to falsely confessing.

3

techniques, particularly the Reid technique, may elicit a false confession; and 6) to specific elements of Defendant's interrogation that utilized the Reid technique. The Court concludes that Defendant's supplemental notice adequately sets forth Dr. Frumkin's opinions and the bases for those opinions under Rule 16.

### B. *Daubert* Analysis

The Government has also moved to exclude expert testimony of Dr. Frumkin on the basis that the proposed testimony does not meet the requirements of Rules 702 of the Federal Rules of Evidence and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).

#### 1. Legal Standard

Federal Rule of Evidence 702 provides:

A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise, if:

(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
(b) the testimony is based on sufficient facts or data;
(c) the testimony is the product of reliable principles and methods; and
(d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. When considering expert testimony, a district court must ensure that it is "both reliable and relevant." *Barrett v. Rodia, Inc.*, 606 F.3d 975, 980 (8th Cir. 2010) (citation omitted). To satisfy the reliability requirement for admission of expert testimony, the party offering the expert testimony must show that the expert is qualified to render the opinion and that the testimony has "a reliable basis in the knowledge and experience of [the relevant] discipline." *Kuhmo Tire Co. v. Carmichael*, 526 U.S. 137, 148 (1999). To satisfy the relevance requirement for the admission of expert testimony, the proponent must show that the expert's reasoning or methodology was applied properly to the facts at issue. *Barrett*, 606 F.3d at 980.

"Courts should resolve doubts regarding the usefulness of an expert's testimony in favor of admissibility." *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 758 (8th Cir. 2006). However, an expert's opinion must be excluded if it "is so fundamentally unsupported that it can offer no assistance to the jury." *Bonner v. ISP Techs., Inc.*, 259 F.3d 924, 929-30 (8th Cir. 2001). The

proponent of the expert testimony bears the burden of proving its admissibility by a preponderance of the evidence. *Lauzon v. Senco Prods., Inc.*, 270 F.3d 681, 686 (8th Cir. 2001).

"A district court [ ] enjoys 'broad latitude when it decides how to determine reliability,' and '[t]here is no requirement that the [d]istrict [c]ourt always hold a *Daubert* hearing prior to qualifying an expert witness." *United States v. Kenyon*, 481 F.3d 1054, 1061 (8th Cir. 2008). "When a district court is satisfied with an expert's education, training, and experience, and the expert's testimony is reasonably based on that education, training, and experience, the court does not abuse its discretion by admitting the testimony without a preliminary hearing." *Id.* at 1061.

### 2. Analysis

The Court finds that the parties in the present case have been given an adequate opportunity to respond to issues regarding the admissibility of Dr. Frumkin's testimony and concludes that no *Daubert* hearing is necessary. *See Group Health Plan, Inc. v. Philip Morris USA, Inc.*, 344 F.3d 753, 761 n.3 (8th Cir. 2003) (stating that there is no requirement that a court hold a *Daubert* hearing, only that the parties be provided an "opportunity to be heard before the district court makes its decision."). The Court also finds that Dr. Frumkin is qualified to testify on the subject of false confessions and to evaluate Defendant's psychological interrogative suggestibility. (Doc. 31-1). Dr. Frumkin has also published on the Reid Technique for interrogations.

While the Tenth Circuit Court of Appeals has tended to exclude expert testimony on false confessions more readily for lack of reliability, the Court finds that other circuits and courts within the Eighth Circuit have admitted such testimony. *Compare United States v. Benally*, 541 F.3d 990, 995 (10th Cir. 2008) (stating that expert testimony associated with false-confessions encroaches upon a jury's function to make credibility determinations and unduly influences the jury) *with United States v. West*, 813 F.3d 619, 624 (7th Cir. 2015) ("Evidence bearing on the trustworthiness of a confession is generally relevant and admissible absent some specific reason to exclude it, such as unfair prejudice or juror confusion."); *United States v. Belyea*, No. 04-CR-4415, 159 Fed.Appx. 525, 529 (4th Cir. 2005) (unpublished) (stating that proposed expert testimony that false confessions occur, that various techniques used by law enforcement agents can influence a person's decision to confess falsely, and that particular characteristics of the person interrogated can affect the likelihood that a confession is false may be helpful to the jury to clarify that "some people, contrary to common sense, make false inculpatory statements," and remanding

to the district court to conduct an analysis under *Daubert*); *United States v. Pumpkin Seed*, No. 5:17-CR-50017, 2018 WL 6985004, at *3 (D.S.D. June 21, 2018), *report and recommendation adopted*, 2018 WL 6567258 (D.S.D. Dec. 13, 2018) (referring to the trial in which a psychiatrist had testified that the interrogator used a variety of techniques and tactics which, when applied to a person with the defendant's level of cognitive impairment, could lead to a false confession); *Livers v. Schenck*, Civ. No. 8:08-107, 2013 WL 5676881, at *4-5 (D. Neb. Oct. 18, 2013) (finding that social psychologist's testimony could be helpful to the jury in understanding the phenomenon of false confessions because he will render an opinion that false confessions occur and that certain factors make false confessions more likely).

The phenomenon of false confessions is counterintuitive. The Court finds that it is not within the common knowledge of jurors that people sometimes lie on occasion to their own detriment by falsely confessing to a crime they did not commit. *See Belyea*, 159 Fed.Appx. at 529. Nor do jurors commonly have knowledge of specific factors that may correlate to false confessions. *Id.* Defendant proposes that Dr. Frumkin will testify that false confessions in fact occur, and that various interrogation techniques, specifically elements of the Reid technique that Dr. Frumkin opines was used during Defendant's interrogation, can influence a person's decision to confess falsely. Defendant also proposes that Dr. Frumkin will testify that the results of specific psychological tests (WAIS-IV, GSS, 16 PF, MMPI-3) administered to Defendant indicate that Defendant possesses certain psychological characteristics that place him at greater risk of falsely confessing as compared to others. The Court finds that Dr. Frumkin's proposed testimony is reliable and will provide the jury with the requisite knowledge to evaluate the credibility of Defendant's confession.

Accordingly, it is hereby ORDERED:

1) that the Government's Motion to Exclude Expert Testimony (Doc. 50) is DENIED; however, Dr. Frumkin will not be allowed to give any opinion on whether a claimed confession or a portion of a confession was true or false or fabricated or in any way unreliable. Those determinations are only for the jury to decide.

Dated this 16th day of November, 2022.

BY THE COURT:

_____
Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK

_____