UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff<br><br>vs.<br><br>SKY THOMAS ROUBIDEAUX,<br>Defendant | 4:22-cr-40033<br><br><br><br>MEMORANDUM<br>AND ORDER |

Pending before the Court is Defendant's Motion to exclude evidence the Government seeks to introduce pursuant to F.R.E. 404(b). (Doc. 30, 39). The Government argues the evidence is admissible under the Rule. (Doc. 36-2). For the reasons that follow, the Court grants the Defendant's motion.

1. Background

Roubideaux is charged with a violation of 18 U.S.C. § 2422(b), attempted enticement of a minor using the internet. Law enforcement conducted a sting operation at the March 2022 Summit League Basketball Tournament in Sioux Falls. Defendant responded to a message from an undercover officer purporting to be a 15-year-old boy living at home with his parents. Defendant was apprehended when he appeared at the arranged meeting place. He agreed to a polygraph exam

and was told afterwards that he had been deceptive in his responses about having sex with a child in the past.

During his interview with an investigator following the polygraph, Defendant stated that he had had consensual sex with two 16-year-old males previously. The Government seeks to introduce evidence of one of the encounters pursuant to F.R.E. 404(b) as other acts evidence. (Doc. 36-2). The defense has objected and supplied additional facts for the Court's consideration, (Doc. 30, 39), and a brief (Doc. 42). The additional evidence was gleaned from a transcript of the interview conducted in conjunction with the polygraph of Defendant. (Doc. 39).

The supplemental information about Defendant's prior act is that he was 20 or 21 years old, met a group of gay men at a lake outside of Rapid City, and had a consensual sexual encounter with an individual in the group. The person was drinking a beer and Defendant assumed he was 21 years old. Later he found out the individual was 16 years old. There was no indication of social media involvement such as texting or internet. Apparently, this was the first time Roubideaux met or had contact with the individual. According to Defendant, the event occurred approximately two years prior to the allegations at bar.

The Defense argues this evidence should be excluded under F.R.E. 404(b) because it is not relevant and will create substantial unfair prejudice, citing F.R.E.

403. The Government responds that the evidence is proper under F.R.E. 404(b), primarily to establish Defendant's intent, which is in issue. (Doc. 36-2).

2. Legal Standard:

F.R.E. 404(b) and 403 currently read as follows:

### Rule 404. Character Evidence; Other Crimes, Wrongs or Acts

**...(b) Other Crimes, Wrongs, or Acts.**
**(1) Prohibited Uses.** Evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.
**(2) Permitted Uses.** This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

Fed. R. Evid. 404(b).

### Rule 403. Excluding Relevant Evidence for Prejudice, Confusion, Waste of Time, or Other Reasons

The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

Fed. R. Evid. 403.

Many cases in the Eighth Circuit set forth the requirements for admission of F.R.E. 404(b) evidence. Recently, the Eighth Circuit described the standard for admission of such evidence in *United States v. Atkins*, ___ F.4th ___, 2022 WL 16627069, *6 (8th Cir. 11/2/22). The court stated that F.R.E. 404(b) evidence "must be (1) 'relevant to a material issue'; (2) 'similar in kind and not overly

remote in time to the crime charged'; and (3) 'supported by sufficient evidence.'" *Id.* (quoting *United States v. Contreras*, 816 F.3d 502, 511 (8th Cir. 2016)). The court added that "Rule 404(b) evidence is subject to Rule 403" and may be excluded "if its probative value is substantially outweighed by a danger of ... unfair prejudice." *Id.* (quoting F.R.E. 403). See also *United States v. Kindley*, ___ F.4th ___, 2022 WL 17245115, *2 (8th Cir. 11/28/22) (discussing balancing test of F.R.E. 403 in context of F.R.E. 404(b) evidence).

Previously, the court had described the standard for F.R.E. 404(b) similarly, but not identically, as follows:

> There are four elements governing admissibility under Rule 404(b): the evidence "must (1) be relevant to a material issue raised at trial, (2) be similar in kind and close in time to the crime charged, (3) be supported by sufficient evidence to support a finding by a jury that the defendant committed the other act, and (4) not have a prejudicial value that substantially outweighs its probative value." *United States v. Johnson*, 439 F.3d 947, 952 (8th Cir. 2006) (internal quotation marks omitted). See *United States v. Nordwall*, 998 F.3d 344, 347 (8th Cir. 2021); *United States v. Gutierrez-Ramirez*, 930 F.3d 963, 967 (8th Cir. 2019); *United States v. Johnson*, 869 F.3d 1133, 1142 (8th Cir. 2017).

In *Atkins*, the defendant was charged with sex trafficking of a minor in violation of 18 U.S.C. § 1591(a). He had invited a 17-year-old runaway to live with him and then forced her into prostitution. The trial court had admitted cell phone videos and screenshots of the defendant's posts, some of which were posted to Instagram. 2022 WL 16627069, *6. In the videos, defendant used misogynistic

4

and derogatory language. *Id.* The Eighth Circuit affirmed, finding the trial court did not abuse discretion in admitting the evidence. It showed defendant's plan to recruit women for his profit, the language was connected to sex trafficking, and the videos were recorded just six months before defendant reached out to the minor victim to live with him and engage in sex with others. *Id.* The court found the evidence was directly relevant. *Id.* In addition, the trial court had engaged in Rule 403 balancing and gave the jury a limiting instruction, meaning the evidence was not admitted in violation of F.R.E. 403. *Id.*

In *Nordwall,* the defendant was indicted on a charge of attempted sex trafficking, 18 U.S.C. § 1591, one count of attempted enticement of a minor, 18 U.S.C. § 2422(b), and crossing state lines to engage in illicit sexual conduct. 18 U.S.C. § 2423(b). At issue was the admissibility under F.R.E. 404(b) of four internet searches by the defendant of "prurient pictures and videos of minor girls." *Id.* at 346. The Eighth Circuit found no abuse of discretion in admitting the evidence. First the court agreed the searches were probative of the defendant's intent when he crossed state lines, and they refuted his claim he was trying to blackmail the pimp and save the girls he planned to meet. *Id.* at 347. F.R.E. 404(b)(2) specifically authorizes admission of evidence to show intent and the internet searches were relevant to show the defendant's intent. Second, the evidence was similar in kind to the charged crime and had occurred two weeks

prior. *Id.* at 348. Third, the defendant did not challenge that he conducted the searches. Fourth, evidence of the searches was not unfairly prejudicial under F.R.E. 403 because they showed the defendant's interest in sex with minor girls. *Id.*

Another recent case, *United States v. Riepe,* involves circumstances where the other acts evidence demonstrates the defendant's malevolent intent. 858 F.3d 552, 561 (8th Cir. 2017). As in Roubideaux, Defendant Riepe was charged with a violation of 18 U.S.C. § 2242(b), attempted enticement of a minor. Riepe had pursued at least three teenaged girls (the current victim and two others) aggressively, including at their high schools, to the point he was banned from the schools. There was a substantial collection of internet messages with sexual content from the defendant when he thought he was communicating with the current victim. In fact, many of the texts at issue were from an undercover officer posing as the victim. *Id.* at 555. The trial court admitted evidence of the defendant's pursuit of the two other girls, one of whom testified at trial about his internet messages and appearance at her high school, and the other who testified about personal encounters at her workplace. *Id.* at 558. The Eighth Circuit found no abuse of discretion in admitting the evidence under F.R.E. 404(b), finding it fit the requirements of the test set forth in *United States v. Mora,* 81 F.3d 781 (8th Cir. 1996) and *United States v. Aranda,* 963 F.2d 211 (8th Cir. 1992) (commenting

that F.R.E. 404(b) is a rule of inclusion). The court noted that the trial court had found the contacts with the two girls and the defendant's presence at various locations had occurred just over a year before the current alleged offense and were relevant to show his planning, knowledge and preparation. The trial court had found further that the actions were similar in kind, not remote, and were supported by sufficient evidence. *Id.* at 560. The court had also determined the other acts evidence did not violate F.R.E. 403 and was not unfairly prejudicial, which the Eighth Circuit affirmed as well. *Id.* at 561 (citing *United States v. Pierson*, 544 F.3d 933, 941 (8th Cir. 2008) (trial court balanced probative value with unfair prejudice pursuant to F.R.E. 403)).

3. Analysis

In the case at bar, Defendant is charged with a violation of 18 U.S.C. § 2422(b), as in *Nordwall* and *Riepe*. As a result, his intent is at issue. However, the purported F.R.E. 404(b) evidence in Roubideaux's case differs from the offense for which he was indicted in significant ways and does not show his alleged intent to have sex with an underage male. Most important, the prior act was consensual sex with a 16-year-old, a person old enough under South Dakota law to give consent. S.D. Codified Laws § 22-22-7 (2010). There is no evidence of aggressive pursuit by Roubideaux. The act occurred approximately two years before the alleged act for which he has been indicted. There was no evidence of internet activity

involved, as in the case at bar. The prior act occurred as a result of a chance social encounter with another individual. Defendant states he is gay, so consensual sex with another gay male would have little probative value on the issue of his intent in this case, and perhaps would do little more than offend or inflame the jury.

In other respects as well, the facts of the Defendant's case differ substantially from the situations described in *Atkins*, *Nordwall* and *Riepe*. In *Riepe*, the evidence of the other acts was supplied by two victims who described numerous actions by the defendant that had occurred approximately one year before the current pursuit of a minor. In this case, Roubideaux is the only person who can account for what occurred during this encounter because apparently no complaint to the police was made and there was no investigation of the incident. In *Riepe*, the other acts (contacts by defendant) were unwanted while in this case, the other act was consensual and involved a person able to consent under South Dakota law. In *Atkins, Nordwall* and *Riepe* the internet activity involved with the prior acts was initiated by the defendant, while in this case, the other act did not involve the internet and was consensual. If Roubideaux's description about the prior act is accepted as true, it differs substantially from the allegation he currently faces. Lack of similarity and remoteness lead to the conclusion the other act should not be admissible F.R.E. 404(b) evidence.

Likewise, when the balancing test of F.R.E. 403 is applied, it appears the danger of unfair prejudice substantially outweighs the probative value of the evidence. The potential for unfair prejudice is substantial if the jury hears an account of consensual, casual, gay sex, with no context supplied. The jury's drawing unwarranted and unfair conclusions about Defendant with respect to character and propensity is a real possibility. Given the limited probative value of the other acts evidence, particularly its lack of similarity to the current charge, it must be excluded under F.R.E. 403.

## Conclusion

The evidence of Defendant's prior consensual sexual encounter with a 16-year-old male two years ago is unlike the situation underlying the present charge and its relevance is doubtful. Lack of similarity and length of time between the prior and current actions yield inadmissible F.R.E. 404(b) evidence. The evidence would prove little if anything about an alleged intent to have sex with a minor in the current case and poses substantial danger of unfair prejudice under F.R.E. 403.

Accordingly, IT IS ORDERED that Defendant's Motion to Exclude the F.R.E. 404(b) Evidence (Doc. 30, 39) offered by the Government is granted.

Dated this 30th day of November, 2022.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK