UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>vs.<br><br>SKY THOMAS ROUBIDEAUX,<br><br>Defendant. | CR 22-40033<br><br>ORDER |

Defendant filed a motion in limine for extended voir dire (doc. 68), and he proposed two additional jury instructions (doc. 69).

Defendant's Proposed Jury Instruction Number 11 is an instruction that was given by Judge Mark Bennett relating to "implicit biases" of jurors. (Doc. 69 at p. 2.) A district court is not required to inquire into implicit bias at the defendant's request. *See United States v. Young*, 6 F.4th 804, 809 (8th Cir. 2021). The Court concludes that the Eighth Circuit Model Jury Instruction 3.02 adequately conveys the law in the Eighth Circuit on juror bias, and the Eighth Circuit instruction will be given in this case.

Defendant's Proposed Jury Instruction Number 12 is a pattern instruction from the Tenth Circuit regarding statements given by a defendant to law enforcement officials. (Doc. 69.) The Eighth Circuit has determined that its Model Jury Instruction 2.07 properly instructs the jury regarding how much weight it should give to a defendant's statement. *See United States v. Davis*, 936 F.2d 352, 355 (8th Cir. 1991). The Committee Comments to Model Jury Instruction 2.07 state, in part, that if a court determines the defendant's statement is voluntary and admissible, the court "should then permit the jury to hear evidence on the issue of voluntariness and give the present instruction." *Manual of Model Criminal Jury Instructions For The District Courts Of The Eighth Circuit* (2022). The Court will follow the Eighth Circuit's directions, and the pattern instruction from the Eighth Circuit regarding statements by a defendant will be given to the jury.

The motion in limine requests voir dire exploring racial bias, sexual orientation bias, false confessions and the presumption of innocence. (Doc. 68.) The Court grants the motion in limine,

but the voir dire on false confessions will be confined to the directives in the Eighth Circuit's pattern instruction 2.07:

### 2.07 STATEMENT BY DEFENDANT

You have heard testimony that [the defendant] [defendant (name)] made a statement to (name of person or agency). It is for you to decide:

*First*, whether [the defendant] [defendant (name)] made the statement; and

*Second*, if so, how much weight you should give to it.

[In making these two decisions you should consider all of the evidence, including the circumstances under which the statement may have been made.]

*Manual of Model Criminal Jury Instructions For The District Courts Of The Eighth Circuit* (2022), No. 2.07.

The Court will conduct voir dire and then will allow follow-up by the lawyers. The Court in this case will allow 25 minutes of voir dire per party, that being more than the Court normally allows. Accordingly,

**IT IS ORDERED** that Defendant's Motion In Limine for Extended Voir Dire is granted as limited in this Order. (Doc. 68.)

Dated this 17th day of April, 2023.

BY THE COURT:

_____
Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK
_____