UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff<br><br>vs.<br><br>SKY THOMAS ROUBIDEAUX,<br>Defendant | 4:22-cr-40033<br><br>MEMORANDUM OPINION<br>AND ORDER |

Pending before the Court is Defendant Sky Roubideaux's motion for judgment of acquittal under Rule 29. (Doc. 91). In the alternative, Defendant seeks a new trial pursuant to Rule 33. (Id.). The Government opposes the motions. (Doc. 97). For the following reasons, the Court denies Defendant's motions.

## BACKGROUND

Defendant was convicted by a jury of using a facility or means of interstate commerce to attempt to persuade, induce, entice, or coerce a person under eighteen years of age to engage in sexual activity in violation of 18 U.S.C. § 2422(b). (Doc. 85). The evidence at trial was that the Government conducted an undercover operation using Grindr, an internet dating application through which people can arrange for casual sexual encounters. Defendant, 22 years old, responded to a

1

message from an undercover officer posing as a fifteen-year-old boy living at home with his parents. (Doc. 95). Numerous text messages were exchanged between Defendant and "Gregg," the persona adopted by the officer. Some of the messages involved graphic descriptions of sexual activity. Defendant and "Gregg" arranged to meet, and Defendant appeared for the meeting with several items indicative of anticipated sexual activity. He was apprehended at that time.

Defendant testified in his defense. He told the jury he thought "Gregg" was "Greg," a friend of his from high school whom he had not seen for years. He introduced photos of the person. (Doc. 95). He testified he understood the Grindr site was for adults over the age of eighteen and introduced a record of the terms of service. (Doc. 96, PgID 842). He admitted he knew the text messages indicated the sender was fifteen years old.

Based on its assessment of the evidence, the Court determined Defendant had introduced sufficient evidence of the defense entrapment to warrant an instruction. The Court instructed the jury accordingly. (Doc. 83, Instruction No. 14, PgID 547).

At the close of the evidence, defense counsel moved for a judgment of acquittal under Rule 29 which the Court denied. Counsel renews the motion at this time. Counsel argues the Government entrapped Defendant because it induced him to commit the crime. Defendant points to parts of the chat log where he and

the undercover persona discussed smoking marijuana, their ages, and their sexuality. (Doc. 95). Defendant argues a text message from the undercover officer about "not having done much" followed shortly afterwards by a text from the agent asking, "how did this switch to smoking?" (Id., PgID 794), introduced the topic of sex into the conversation. Counsel asserts that Defendant's messages were not sexual, and therefore indicate that the Government, and not Defendant, brought sex into the conversation. Defendant further asserts this action by the Government demonstrates the Government induced Defendant to commit the crime. Defendant also submits that the evidence was insufficient to convict based on his testimony about misunderstanding the identity of the person on the chat with him.

The Government responds that the cited text message was just one of many that discussed sex. (Id.). The Government argues that these additional messages, along with Defendant's arrival at the designated meeting place with articles designed for sexual activity, demonstrate that a reasonable jury could have found beyond a reasonable doubt that Defendant was not entrapped and was, in fact, guilty of the charged offense. The Government also refutes Defendant's assertion that the evidence was insufficient to convict by submitting that the jury was free to reject his testimony about mistaking the identity of the person on the chat.

## LEGAL STANDARD

   1. Rule 29. Motion for a Judgment of Acquittal

3

Pursuant to F.R.Crim.P. 29(a), the court must enter a judgment of acquittal at the close of the evidence before the case is submitted to the jury if "the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). The defendant has the option to renew the motion after the jury verdict in accordance with Rule 29(c). Fed. R. Crim. P. 29(c).

As the Eighth Circuit has stated, the district court has "very limited latitude" to enter a judgment of acquittal under Rule 29. *United States v. Hassan*, 844 F.3d 723, 725 (8th Cir. 2016) (citing *United States v. Stacks*, 821 F.3d 1038, 1043 (8th Cir. 2016)). The court must determine whether the government has presented evidence on each element to support the jury's verdict. *United States v. Chavez*, 230 F.3d 1089, 1091 (8th Cir. 2000) (cleaned up). See also *United States v. White*, 794 F.3d 913, 923 (8th Cir. 2015). The court is not at liberty to "assess witness credibility or weigh evidence, and the evidence must be viewed in a light most favorable to the Government." *Hassan*, 844 F.3d at725. If "a reasonable juror could have found the defendant guilty beyond a reasonable doubt," when the evidence is viewed "in the light most favorable to the verdict," the conviction should stand. *United States v. Aungie*, 4 F.4th 638, 643 (8th Cir. 2021) (quoting *United States v. Frommelt*, 971 F.3d 823, 827 (8th Cir. 2020) (cleaned up)). See also *United States v. Broeker*, 27 F.4th 1331, 1335 (8th Cir. 2022). The district court errs in denying a motion of acquittal only if "there is no interpretation of the

evidence that would allow a reasonable jury to find the defendant guilty beyond a reasonable doubt." *United States v. Gonzalez*, 826 F.3d 1122, 1126 (8th Cir. 2016) (quoting *United States v. Cacioppo*, 460 F.3d 1012, 1021 (8th Cir. 2006)). Furthermore, the court has reinforced that as a general proposition, the jury is "the final arbiter of the witnesses' credibility." *United States v. Never Misses A Shot*, 781 F.3d 1017, 1026 (8th Cir. 2015) (quoting *United States v. Listman*, 636 F.3d 425, 430 (8th Cir. 2011)).

2. Rule 33. New Trial

Rule 33 authorizes the district court to "vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33. The district court must "exercise the Rule 33 authority 'sparingly and with caution.'" *United States v. Campos*, 306 F.3d 577, 579 (8th Cir. 2002). See also *United States v. Harriman*, 970 F3d 1048, 1058 (8th Cir. 2020). The district court's goal is to determine "whether a new trial is necessary to prevent a miscarriage of justice." *Manning v. Jones*, 875 F.3d 408, 410 (8th Cir. 2017). The Eighth Circuit has emphasized that new trials are "reserved for exceptional cases in which the evidence preponderates heavily against the verdict." *Stacks*, 821 F.3d at 1045 (quoting *United States v. Knight*, 800 F.3d 491, 504 (8th Cir. 2015)).

3. Entrapment Defense

An entrapment defense is comprised of two elements: "(1) that the government induced the crime and (2) that the defendant had no predisposition to commit the crime." *United States v. Young*, 613 F.3d 735, 746 (8th Cir. 2010). See also *United States v. Joiner*, 39 F.4th 1003, 1009 (8th Cir. 2022); *United States v. John*, 27 F.4th 644, 649 (8th Cir. 2022); *United states v. Tobar*, 985 F.3d 591, 592 (8th Cir. 2021). If the Defendant comes forward with evidence that the government "implanted the criminal design" in his mind, the burden shifts to the government to establish beyond a reasonable doubt that the defendant had a predisposition to commit the crime. *Young*, 613 F.3d at 747. The court has explained further that inducement may include "pressure, assurances that a person is not doing anything wrong, persuasion, fraudulent representations, threats, coercive tactics, harassment, promises of reward, or pleas based on need, sympathy, or friendship." *United States v. Harriman*, 970 F.3d 1048, 1057 (8th Cir. 2020) (quoting *United States v. Clarett*, 907 F.3d 1100, 1102 (8th Cir. 2018)). At the same time, the government may use "artifice, stratagem, and undercover agents" as part of its investigations. *Id.* (quoting *United States v. Myers*, 575 F.3d 801, 806 (8th Cir. 2009)).

In the context of undercover operations involving sexual activity with purportedly underage persons, the court has set forth several factors to consider in determining whether the government induced the defendant's conduct. The factors

include "whether the government made the initial contact...whether the government introduced topics of sex and meeting in person; and the extent to which the government influenced [the defendant's] behavior by portraying [minors] as sexually precocious teenagers." *Young*, 613 F.3d at 747 (quoting *Myers*, 575 F.3d at 806-07).

## ANALYSIS

The Government's burden in this case was to prove four elements of the offense beyond a reasonable doubt, as the Court's instructions directed:

> One, that on or about March 7, 2022, in the District of South Dakota and elsewhere, the defendant knowingly used a facility or means of interstate commerce, that is, a cell phone, to attempt to persuade or induce or entice or coerce an individual who was under the age of eighteen (18) to engage in sexual activity;
>
> Two, that the defendant believed that such individual was less than eighteen (18) years of age;
>
> Three, that if the sexual activity had occurred, the defendant could have been charged with a criminal offense under South Dakota law;
>
> Four, that the defendant intended to engage in unlawful sexual activity with a minor and knowingly and willfully took some action that was a substantial step toward bringing about or engaging in unlawful sexual activity with a minor.

(Doc. 83, Instruction No. 13, PgID 545).

As previously noted, the defense moved for a judgment of acquittal under Rule 29, which it renews here. The Court denied the motion because, in the Court's view, the Government had presented sufficient evidence on each element

7

for the jury to have found the Defendant guilty beyond a reasonable doubt. *Chavez*, 230 F.3d at 1091. Undercover officers testified at length about their contacts with Defendant, including the chats on Grindr; their training on how to conduct such investigations; and the Defendant's appearance at the designated meeting place where he was arrested. (Doc. 103-04). The defendant testified in his defense about misidentifying the person on the chat with him and other matters. (Doc. 104). This Court observed the testimony of the witnesses and the jury's attention to it. The Court instructed on the elements of the offense, how to assess witness credibility, and the definition of entrapment, among other issues. (Doc. 83). In the Court's view, a reasonable jury could have found proof beyond a reasonable doubt of all of the elements of the offense. *Aungie*, 4 F.4th at 643; *Broeker*, 27 F.4th at 1335. The jury had the task of weighing the credibility of the witnesses, and the Government presented sufficient evidence to meet its burden of proof. Therefore, the Court denies the motion for judgment of acquittal under Rule 29.

The Defendant has moved for a new trial based on his argument that a miscarriage of justice occurred. Fed. R. Crim. P. 33. He bases the motion on his testimony to the jury about his mistaking the "Gregg" persona for his high school friend, "Greg." As the Eighth Circuit has held, new trials are reserved for "exceptional cases in which the evidence predominates heavily against the

verdict." *Stacks*, 821 F.3d at 1045. The case before the Court is not one of the exceptional cases where a miscarriage of justice can be discerned. Here, witnesses for the Government testified and were cross-examined by capable counsel; the Defendant testified about his version of events and was cross-examined. (Doc. 104). Defendant testified that he thought the person on the chat was his old friend, at least at the outset. Both sides introduced exhibits that were viewed by the jury. The Court instructed on the elements of the offense, burdens of proof, and the defense of entrapment. The jury was free to reject Defendant's testimony about mistaken identity. The Court observed no misconduct that warranted intervention. The Court has determined that the evidence was sufficient to convict and the Defendant had a fair trial. Therefore, there are no grounds on which to grant a new trial pursuant to Rule 33 and the Court denies Defendant's motion.

The Defendant's Rule 29 and Rule 33 motions focus primarily on the issue of entrapment, and in particular, the question whether Defendant was induced to commit the offense. Defendant highlights the undercover officer's text about the "switch" to smoking, thus allegedly introducing the topic of sex. Given the entirety of the messages and the fact that the conversations occurred on an adult dating app, the topic of sex was prevalent throughout the encounter. (Doc. 95). In context, the single statement from the "Gregg" persona did not "implant the criminal design" into Defendant's mind. *Young*, 613 F.3d at 747. Using the

factors from *Myers*, the Court determines that Defendant willingly connected to the Grindr site and engaged in conversation with "Gregg,"; Grindr is a dating app where people arrange for sex or other interactions; both Defendant and "Gregg" discussed sex in detail; Defendant was aware "Gregg" was an underage boy. *Myers*, 575 F.3d at 806-07. The initial conversation and arrangement to meet happened within a short period of time. (Doc. 95). There was no evidence of coercion, duress, or pressure. See, e.g., *United States v. Poehlman*, 217 F.3d 692, 698 (9th Cir. 2000) (undercover agent posing as "mother" seeking "sexual mentor" for underage daughters). As the Eighth Circuit has held, inducement is not established "merely by showing that the government solicited, requested or approached [the defendant] to engage in criminal conduct." *United States v. Pinque*, 234 F. 3d 374, 378-79 (8th Cir. 2000). Therefore, in the Court's view, the Defendant was not induced to commit the crime and his evidence of inducement failed to persuade the jury.

## CONCLUSION

The Court denies the Rule 29 motion to the extent the defense argument is that its evidence precluded the jury from finding guilt beyond a reasonable doubt of the offense. The Government's proof on each element was sufficient. Although the Court instructed the jury on entrapment, the Defendant's evidence did not

persuade the jury. The Court detects no error or unfairness in the handling of the Government's proof of the elements of the offense or with respect to the entrapment defense. Likewise, the Court denies the Rule 33 motion for a new trial based on entrapment and the defense of mistaken identity. In the Court's view, this is not an "exceptional case" where a new trial is required to prevent a miscarriage of justice.

Accordingly, IT IS ORDERED that Defendant's motion for a judgment of acquittal, or in the alternative, for a new trial, (Doc. 91) is denied.

Dated this 1st day of June, 2023.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK